IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,058-02






EX PARTE FRANKLIN WILLIAM LAMBERT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 968321 IN THE 208TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty years' imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Lambert v. State, No. 14-06-00313-CR (Tex. App.-Houston [14th Dist.] 2007, no
pet.).

 Applicant contends, among other things, that he was denied his Sixth Amendment right to
counsel of choice at his adjudication of guilt hearing. On September 16, 2009, we remanded this
application for findings of fact and conclusions of law. On remand, the trial court found that at
Applicant's adjudication of guilt hearing Ramond Howard requested a continuance so he could
substitute in as counsel of record and that his request for a continuance was intended to delay the
proceedings. On this record, we conclude that Applicant was not denied his Sixth Amendment right
to counsel of choice. 

 If a defendant is denied his Sixth Amendment right to counsel of choice, this deprivation
qualifies as structural error. United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006). In these
cases, harmless-error analysis is not appropriate. In Applicant's case, the trial court denied his
request for a continuance at the adjudication of guilt hearing and concluded that he was not harmed
as a result of this denial. We disagree with this conclusion in so far as it applies a harmless-error
standard to Applicant's claim. With these words, we deny relief.


Filed: April 28, 2010

Do not publish